IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELGIN VINE,

    Petitioner,

v.                                                  Civ. 14-126 JCH/GBW

JAMES JANECKA and THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1*. I find that Petitioner has filed a mixed petition containing both exhausted and unexhausted claims. I recommend that Petitioner be given thirty days to voluntarily dismiss his unexhausted claims or to provide evidence that he has properly exhausted those claims in state court. If, within thirty days, Petitioner does not provide evidence of exhaustion and does not elect to dismiss the unexhausted claims, I recommend dismissing his petition without prejudice.

### I. PROCEDURAL BACKGROUND

Petitioner Elgin Vine was convicted on February 17, 2012 of second degree murder. Doc. 6, Ex. B. He was sentenced to a term of 16 years (fifteen years plus a year enhancement because the murder involved a firearm) less approximately 408 days pre-sentence confinement and time imprisoned prior to his transfer to the New Mexico Corrections Department. *Id.*

On August 15, 2012, Petitioner filed a direct appeal of his convictions, seeking relief on three bases: (1) there was insufficient evidence as to the victim's cause of death to sustain Petitioner's conviction; (2) the trial court should have given an imperfect self-defense jury

instruction; and (3) the trial court erred in admitting certain photos that were either irrelevant or overly prejudicial. *Id.,* Exs. E, G.  On December 26, 2012, the appellate court denied Petitioner's appeal on all grounds. *Id.,* Ex. H.

Petitioner sought to further appeal his case to the New Mexico Supreme Court by filing for a writ of certiorari on each of the topics raised in Petitioner's appeal. *Id.*, Ex. I. On March 14, 2013, the New Mexico Supreme Court summarily dismissed Petitioner's request for certiorari. *Id.,* Ex. J.

On October 4, 2013 Petitioner filed a Motion for Reconsideration of Sentence pro se, requesting that the trial court resentence him on the basis of his good behavior while in prison. *Id*., Ex. L. The trial court never ruled on this motion. *Id.*, Ex. M.

Petitioner filed the instant Petition on February 10, 2014. *Doc. 1*.

## II. PETITIONER'S CLAIMS

Petitioner raises the following four federal grounds for relief in the instant Petition:

1. Violation of his Fifth, Sixth, and Fourteenth Amendment rights because he was convicted based on his own statements as to the victim's cause of death. *Doc. 1* at 3-4.

2. Violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights because he was convicted in the absence of evidence of his mens rea to kill the victim. *Id.* at 4-5.

3. Violation of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights when the trial court failed to instruct the jury on imperfect self-defense. *Id.* at 5-6.

4. Cumulative error on the part of the trial court. *Id.* at 6-7.

Respondent argues Petitioner has not properly exhausted state remedies as to certain claims in Grounds 1, 2, and 4. *Doc. 9* at 4-6.  Consequently, Respondent contends that the Petition should be dismissed as a mixed Petition.

**III.     THE PETITION**

    **A.     The Exhaustion Requirement**

A federal court cannot grant a petition for habeas corpus under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[1] 28 U.S.C. § 2254(b)(1)(A). In order to properly exhaust state remedies as required by 28 U.S.C. § 2254, a prisoner must "fairly present" his federal claims to the state courts. "'Fair presentation' of a prisoner's [federal] claim to the state courts means that the substance of the claim must be raised there." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). Because the purpose of the exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the petition must alert state courts "to the fact that the prisoner is asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)) (internal brackets omitted). The petitioner need not "cite 'book and verse on the federal constitution,'" *Berg v. Foster*, 244 F. App'x 239, 244 (10th Cir. 2007) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)), but "[t]he federal quality of the rights asserted [must be] sufficiently discernable to fairly apprise the [state] court of the federal nature of [petitioner's] claims." *Bowser v. Boggs*, 20 F.3d 1060, 1063 (10th Cir. 1994). A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

---

[1] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Petitioner has not argued—and the record does not indicate—that either of these situations are present in this case.

### B. Petitioner's Exhaustion of State Remedies

Respondent concedes, and I agree, that Petitioner has exhausted state remedies as to Ground 3. As to the remaining grounds (1, 2, and 4), Petitioner has failed to exhaust state remedies.

#### i. Ground 1

Petitioner asserts that "the state relied on his statement as to the facts in this case or cause" and provided no forensic evidence on which to base his conviction, thus violating his constitutional right against self-incrimination. *Doc. 1* at 3. This argument does not appear anywhere in his state court pleadings and is therefore unexhausted.

#### ii. Ground 2

Next, Petitioner asserts that no evidence of mens rea to commit "deliberate" murder was introduced at the state court level. *Id.* at 3-4. Again, this argument does not appear in his state court pleadings and is therefore unexhausted.

#### iii. Ground 4

On this Ground, Petitioner asserts cumulative error. *Id.* at 6-7. Like the other two grounds, Petitioner did not raise this issue at the state court level and it is therefore unexhausted.

### C. Treatment of a Mixed Petition

Because Petitioner's § 2254 petition contains both exhausted and unexhausted claims, it is "mixed." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). When a petition is mixed, the Court has four options: it can "(1) dismiss the mixed petition in its entirety . . . ; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims . . . ; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted

claims . . . ; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit . . . ." *Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

Here, Petitioner has requested a stay of this action pending his pursuit of exhaustion in state court, *(docs. 2, 12)*, including proof that he docketed his state habeas action on May 19, 2014. Respondent rightly points out that this option – option 2 - is the least favored of the four options described above and that no good cause exists to stay the petition. *Doc.* 10 at 2.

As the Supreme Court explained in *Rhines v. Weber*:

"[S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."

544 U.S. 269, 277 (2005).  In neither his Motion to Stay, nor his reply to Respondents' opposition, does Petitioner provide a basis for failing to raise the unexhausted grounds of his federal petition at the state court level.  Therefore, I recommend that Petitioner's motion to stay be denied and that the Court not hold the instant petition in abeyance pending state court exhaustion.

For reasons of equity and judicial efficiency, I further do not recommend that this Court follow the first or fourth options.  The Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations begins to run when the state court "judgment bec[omes] final by the conclusion of direct review." *See* 28 U.S.C. § 2244(d); (d)(1)(A).  When, as here, a petitioner appeals his conviction, the judgment is final when (1) the state court of last resort has ruled and (2) the time for filing a petition to the U.S. Supreme Court—ninety days—has passed.

*Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). Petitioner's time to file this action therefore expired on May 23, 2014. Option 1, dismissal of the Petition, is an unnecessarily harsh result in light of Petitioner's timely filing of the instant action. Nor is the fourth option (ignoring the exhaustion requirement and proceeding on the merits if none of the claims has any merit) ideal. As the Supreme Court has explained, strict enforcement of the exhaustion requirement is desirable because it "promotes comity and does not unreasonably impair the prisoner's right to relief. . . . *Rose v. Lundy,* 455 U.S. 509, 522 (1982); *see also Rockwell v. Yukins*, 217 F.3d 421, 425 (10th Cir. 2000) (explaining that ruling on a mixed petition is only appropriate where exceptional circumstances excuse the failure to exhaust the unexhausted claims.).

The third option is most appropriate here: Petitioner should be given thirty days to excise his unexhausted claims presented in Grounds 1, 2, and 4 and proceed with Ground 3, his exhausted claim that the trial court violated his constitutional rights in not instructing the jury on imperfect self-defense.

**IV.    CONCLUSION**

For the forgoing reasons, I have found that Petitioner has failed to exhaust his state remedies as to Grounds 1, 2, and 4 of his Petition. Because his petition is mixed, I recommend that the Court allow Petitioner thirty days to voluntarily dismiss the unexhausted claims or to provide evidence demonstrating exhaustion. If Petitioner fails to dismiss the unexhausted claims or provide supplementary evidence of exhaustion, I recommend that the Court dismiss his petition in its entirety.

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**